IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TINA MORRIS §<br>    PLAINTIFF §<br> §<br>v. §<br> § CIVIL ACTION NO. 13-543<br>AVIS RENT A CAR SYSTEM §<br>AVIS BUDGET GROUP and §<br>AB CAR RENTAL SERVICES §<br>    DEFENDANTS § | |

## PLAINTIFF, TINA MORRIS', COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE

### I.
### PRELIMINARY STATEMENT

1.  This is an action by Plaintiff, Tina Morris ("Ms. Morris") against Avis Rent a Car System, Avis Budget Group and AB Car Rental Services (collectively "Avis" and/or "Defendants"), under Title VII of the United States Code.

### II.
### JURISDICTION AND VENUE

2.  This Complaint arises under Title VII of the United States Code[1]. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331, 1332, 1441 and 1343, and under 42 U.S.C. § 2000e-5(f)(3).

3.  Pursuant to 28 U.S.C. §1391, and under 42 U.S.C. § 2000e-5(f)(3), venue is proper in the Northern District of Texas because the events giving rise to this claim occurred in the Northern

---

[1] The Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*.), and the Civil Rights Act of 1991 (42 U.S.C. § 1981).

District of Texas.  Ms. Morris resides in the Fort Worth Division of the Northern District of Texas.

## IV.
### PARTIES

4. Plaintiff Tina Morris is an individual United States citizen and resident of Fort Worth, Tarrant County, Texas.

5. Defendant Avis Rent a Car System, is a Delaware limited liability company doing business in Texas. Process may be served on its registered agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company at 701 Brazos, Suite 1050, Austin, Texas 78701.

6. Defendant AB Car Rental Services is a Delaware limited liability company doing business in Texas. Process may be served on its registered agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company at 701 Brazos, Suite 1050, Austin, Texas 78701.

7. Avis Budget Group is a Delaware limited liability company incorporated in Texas.  Process may be served on its registered agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company at 701 Brazos, Suite 1050, Austin, Texas 78701.

## IV.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On April 24, 2012, Ms. Morris filed a charge of sexual harassment with the Equal Employment Opportunity Commission ("EEOC").  On April 10, 2013, Ms. Morris was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission. *Exhibit A*.

9. On March 20, 2013, Ms. Morris filed a charge of retaliation with the EEOC.  On April 10, 2013, Ms. Morris was issued a Notice of Right to Sue by the EEOC. *Exhibit B*.

## V.
### FACTS

10. During the course of Ms. Morris' employment with Avis, she was sent on a reward vacation

to Cancun, Mexico by Avis. During this company sponsored vacation she was publicly subjected to sexual harassment, sexual assault, degradation, humiliation, and abuse by her supervisors. This harassment included but was not limited to humiliating and lascivious comments, threatening and intimidating behavior, outrageous improper touching, and brutal physical assault. Ms. Morris reported the harassment to Avis in a letter dated April 20, 2012. *Exhibit C*. Instead of remedying the situation, Defendants took no action to address Ms. Morris' complaints or to correct continuing abhorrent misconduct by her supervisors.

11.    On April 24, 2012, having received absolutely no relief from Avis, Ms. Morris filed a claim of sexual harassment with the EEOC. While the EEOC investigation was still pending, Avis fired Ms. Morris in direct retaliation for her EEOC harassment claim. Consequently, Ms. Morris filed a retaliation claim with the EEOC on March 20, 2013.

12.    As a result of Defendant's egregious harassing and discriminatory behavior along with their blatant retaliatory actions, Ms. Morris has suffered physical, psychological, and financial damages.

## VI.
### TITLE VII VIOLATIONS

13.    Ms. Morris was harassed, assaulted, and discriminated against based on her gender (female) and in retaliation for reporting and protesting the illegal treatment she suffered.  Ms. Morris' supervisors publicly touched Ms. Morris in a disgustingly offensive manner, physically assaulted her, and repeatedly made loud, crude, and humiliating comments regarding Ms. Morris, in public, among her peers, during the company-sponsored vacation. When Ms. Morris reported this brutal, offensive and unwelcome physical and emotional abuse, Avis took no action to halt, or even address, the continuing repugnant actions of Ms. Morris' attackers.  When Ms. Morris, having been ignored by Avis, filed a charge of harassment with the EEOC, Defendant manufactured an artificial excuse

to terminate her employment.

## VII.
### DAMAGES

14. As a result of Defendants' discriminatory acts towards Ms. Morris, she is entitled to the full amount of statutory damages allowed under Title VII of the Civil Rights Act of 1964, as amended, and the 1991 Civil Rights Act.

15. As a direct result of Defendant's pattern and practice of unchecked brutality, flagrant harassment, discrimination, and retaliation, Ms. Morris has suffered and continues to suffer losses in earnings, earning capacity, job experience, and benefits. Accordingly, Ms. Morris is entitled to recover actual and compensatory damages for these losses.

16. As a further direct result of the continuous, willful, malicious, and repulsive acts of Defendants, Ms. Morris has suffered and continues to suffer severe mental and psychological injuries, for which she is entitled to recover compensatory damages.

17. The behavior, activity and/or omissions complained of were committed intentionally, willfully, maliciously, and with complete disregard and conscious indifference for the rights and welfare of Ms. Morris. Accordingly, Ms. Morris seeks punitive damages from Defendants pursuant to 42 U.S.C. § 1981a.

## VIII.
### ATTORNEYS' FEES AND COSTS

18. Ms. Morris seeks attorneys' fees and costs as provided in 42 U.S.C. §2000e-5(k).

## IX.
### JURY DEMAND

19. Ms. Morris requests a trial by jury.

# X.
## PRAYER FOR RELIEF

Ms. Morris respectfully requests that Defendants be cited to appear and answer, and that Ms. Morris recover the following damages from Defendants.

- a. Actual damages in an amount for lost wages, past and future, and other pecuniary losses sustained by Ms. Morris;

- b. Actual damages for all past and future mental and psychological injuries sustained by Ms. Morris;

- c. Punitive damages;

- d. Attorneys' fees and costs of court;

- e. Pre- and post-judgment interest; and

- f. Such other and further relief as to which Ms. Morris may show herself justly entitled, in law or equity.

Respectfully submitted on this 3rd day of July, 2013.

**BROEMER & ASSOCIATES**

By: /S/ *W Fulton Broemer*
W. Fulton Broemer
SBN: 03053700
2918 Bagby
Houston, Texas 77006
Direct Telephone: 713-328-1101
Direct Facsimile: 713-328-1130
E-Mail: WFB@Broemerlaw.com

**ATTORNEYS FOR PLAINTIFF**